COLWELL, Appellant, v. COLWELL, Respondent. (Supreme Court, General Term, First Department. October 18, 1895.) Action by Frederick L. Colwell against Genevieve R. Colwell. E. C. James, for appellant. R. H. McGrath, Jr., for respondent.

PER CURIAM. The allowance for alimony and costs made by the special term we regard as excessive. The order should be modified so as to award to the defendant $50 a month for alimony, $200 for alimony prior to May 8, 1895, and $100 for counsel fee. Order modified accordingly, and affirmed as modified, without costs.

---

COLWELL v. COLWELL. (Supreme Court, General Term, First Department. November 15, 1895.) Action by Frederick L. Colwell against Genevieve R. Colwell. No opinion. Motion granted.

---

COOPER, Plaintiff, v. GORSLINE et al., Defendants. (Supreme Court, General Term, Fifth Department. June Term, 1895.) Action by George Cooper against William H. Gorsline and another. No opinion. Motion for a new trial denied, and judgment directed for the defendants on the nonsuit.

---

COPP, Appellant, v. HOME INS. CO., Respondent. (Supreme Court, General Term, First Department. October 18, 1895.) Action by William A. Copp, as executor, etc., against the Home Insurance Company. Thomas J. Ritch, Jr., for appellant. George Richards, for respondent.

PER CURIAM. The facts are undisputed, and from them it appears that the dwelling house which the defendant insured was vacant and unoccupied for a period of more than 10 days prior to its burning. A clause in the policy of insurance upon which this action is founded provides that in such event the policy shall be void. The complaint was therefore properly dismissed. The judgment and order should be affirmed, with costs.

---

CORWITH et al., Appellants, v. STETLER et al., Respondents. (Supreme Court, General Term, First Department. October 18, 1895.) Action by Nathan Corwith, Jr., Arthur W. Blake, John P. Marquand, Joseph E. Brown, George R. Harris, Howland Davis, Clarence F. Birdseye, Joseph Gillet, and Elliott F. Driggs against Frederick M. Stetler and Henry I. Stetler. Aldace F. Walker, for appellants. Elijah S. Cowles, for respondents.

PER CURIAM. October 5, 1888, the five car loads of lead in question reached the station of the Delaware, Lackawanna & Western Railroad Company at Hoboken, which corporation had brought it from the West. It is conceded that, when the lead arrived, it was owned by Nathan Corwith & Co. The only question presented on this appeal is one of fact: Was Gurden Corwith authorized by Nathan Corwith & Co. to sell the lead? The learned trial court

v.35.NY.s.—70

found this issue of fact in favor of the defendants, and upon evidence which permits no other answer to the question. The senior member of the firm of Nathan Corwith & Co. was in the city of New York. The firm received the usual notice of the arrival of the lead, and turned that notice over to Gurden Corwith, who had long acted as the broker of the firm. The evidence shows that he had on many occasions stored lead and received warehouse receipts in his own name, and sold the lead. In regard to this particular shipment, the evidence justifies the conclusion that Nathan Corwith & Co. authorized this very disposition to be made of this lead. None of the appellants established any legal or equitable claim to the property. None of the rulings of the learned trial judge upon the admission or exclusion of evidence are challenged, and no question was argued at the bar of this court or upon the briefs of counsel, except this single question of fact, which was well decided. The judgment should be affirmed, with costs.

COUNTY OF MONROE v. CITY OF ROCHESTER. (Supreme Court, General Term, Fifth Department. October 16, 1895.) Action by the county of Monroe against the city of Rochester. No opinion. Motion to amend order so as to read, "The judgment of the special term was reversed, for errors of fact as well as errors of law," granted. See 34 N. Y. Supp. 533.

---

CROSSMAN et al., Respondents, v. LOCHNER, Appellant. (Supreme Court, General Term, Fifth Department. June Term, 1895.) Action by Charles W. Crossman and another against David B. Lochner. No opinion. Judgment affirmed, with costs.

---

CULLIS, Respondent, v. SMITH et al., Appellants. (Supreme Court, General Term, Fifth Department. October 16, 1895.) Action by John W. Cullis against Allen G. Smith, impleaded, etc. No opinion. Order affirmed, with $10 costs and disbursements. WARD, J., not sitting.

---

CUSSACK, Respondent, v. RIGHTMEYER et al., Appellants. (Supreme Court, General Term, Fourth Department. July Term, 1895.) Action by Richard Cussack against Homer W. Rightmeyer and others. No opinion. Order affirmed.